■ JOHN A. BROPHY, JR., Appellant, v COUNTY OF PUTNAM, Respondent.—In an action to recover damages for the intentional infliction of emotional distress, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Putnam County (Dickinson, J.), entered February 18, 1988, as, upon reargument, adhered to the original determination in an order dated January 12, 1987, denying his motion for partial summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

In July 1974 the plaintiff, then a Putnam County Deputy Sheriff, sustained injuries in a motor vehicle accident which allegedly occurred in the course of his employment. Due to his disability stemming from these injuries, the plaintiff was placed on leave without pay. Thereafter, the plaintiff applied for an accidental disability retirement pension. His application was approved by the New York State Comptroller on February 27, 1980, upon a finding that he was incapacitated due to service-related injuries.

In April 1981 the plaintiff commenced this action alleging a cause of action to recover damages for intentional infliction of emotional distress. In sum, he claimed that the county had opposed on meritless grounds his efforts to obtain workers' compensation benefits or a disability pension, and had wrongfully terminated his employment. After issue was joined, the plaintiff took no further action with regard to this litigation until nearly five years later, when he moved for partial summary judgment. His motion was predicated upon General Municipal Law § 207-c, a new theory of recovery not previously asserted. The Supreme Court denied the motion upon the ground that the plaintiff's unjustified delay in interposing the statutory claim would cause the county to suffer significant prejudice. Upon reargument, the court adhered to the original determination. This appeal ensued.

The plaintiff argues that the Supreme Court, in its denial of his motion for partial summary judgment, adhered to the long-discarded, rigid, theory-of-pleadings doctrine. This argument is without merit. General Municipal Law § 207-c was amended effective June 30, 1980 (L 1980, ch 727) to permit recovery by a Deputy Sheriff injured in the line of duty. Notwithstanding this amendment, the plaintiff's complaint, served approximately nine months after the effective date thereof, did not assert a statutory claim. Nor does the record reveal any effort by the plaintiff to amend the complaint or

any reasonable excuse for his failure to do so. Although CPLR 3025 (b) empowers the court to freely permit amendments to pleadings, the delay in asserting the statutory claim herein is lengthy and inadequately explained. Allowing the plaintiff to assert the claim at this late date would substantially prejudice the county. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.